### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| BARTON S. BEASLEY, | ) | 04-31694-SBB |
| d/b/a FUNRAY SPAS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

### ORDER FOR CONTEMPT AND CERTIFICATION TO THE DISTRICT COURT WITH THE RECOMMENDATION OF INCARCERATION OF THE DEBTOR, BARTON S. BEASLEY

On August 15, 2005, this Court conducted a continued *sua sponte* hearing regarding: (1) the status of this case and (2) the continued failure of Barton S. Beasley ("Debtor" or "Mr. Beasley") to comply with orders of this Court. The Debtor appeared *pro se*. Trustee, Dennis King, appeared by his counsel, Douglas Pearce. There were no other appearances.

### I. SUMMARY

This Court, (1) having exercised all due patience and affording the Debtor multiple occasions to comply with Orders of this Court and cooperate with the Trustee, (2) having reviewed the file, (3) being advised both by counsel to Trustee and Barton S. Beasely ("Debtor") as to the Debtor's continued assertion of a Fifth Amendment Privilege, not as an individual, but as a representative, officer, director or shareholder of certain business entities, to answer any questions propounded by the Trustee or the Court, compliance with this Court's orders, and (4) being otherwise duly advised, the Court hereby makes the following findings of fact, conclusions of law and Order.

For the reasons stated herein, this Court finds the Debtor in *continuing* contempt of this Court. As a consequence, in accordance with this Court's Order of July 6, 2005 (Docket # 110), an additional judgment shall enter against the Debtor as a sanction for $500.00 per day for the

period of August 3 to August 15, or $6,000 ($500.00 x 12). The monetary sanctions emanating from the July 6, 2005 Order now totals $23,000.00 ($500 x 46) to date (*see* Order of August 2, 2005 (Docket # 115) and Judgment of August 2, 2005 (Docket # 116)). This Judgment is in favor of the estate against the Debtor. The sanction of $500.00 per day shall terminate this day, inasmuch as it is clear that the Debtor refuses to comply with this Court's Order and his obligations under the Bankruptcy Code under the imposition of the monetary sanction. This Order and Judgment for sanction will not be dischargeable in a subsequent bankruptcy.

At the hearing on August 15, 2004, the Debtor continued to refuse to answer questions or comply with this Court's Orders. Despite numerous opportunities given by this Court to the Debtor, he remains in contempt of this Court's Orders and his obligations under the Bankruptcy Code. The Court, therefore, believes that it is appropriate to direct that the United States Marshal Service incarcerate Mr. Beasley. Nevertheless, this Court believes that, because incarceration is the contemplated next step to coerce compliance with this Court's Orders, this matter should be certified to the United States District Court for the District of Colorado with the recommendation of incarceration with periodic reviews to assure that the contempt sanction continues to serve, and is limited to, its stated purpose of coercion and to allow the Court to be advised as to the status of the case.

## II.   BACKGROUND[1]

Barton S. Beasley ("Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 4, 2004 (the "Petition Date"). Dennis W. King is the duly appointed and acting Chapter 7 trustee of Debtor's bankruptcy estate ("Trustee").

---

[1]     A copy of the public docket sheet in this matter is attached hereto as Exhibit A.

In his bankruptcy schedules and statement of financial affairs and amendments thereto, Debtor disclosed he owned interests in or was an officer, director, member, partner or shareholder of various entities including FunRay USA, LLC, FunRay USA Denver, LLC, FunRay USA Pueblo, LP, FunRay USA Brighton, LP, FunRay Project, LLC, CashBack International LLC and DenBe Marketing (collectively the "Business Entities").

The initial meeting of creditors was held in this case on November 15, 2004. The Debtor appeared at that time with counsel, but asserted his Fifth Amendment right against self-incrimination and refused to provide substantial testimony. At that time Trustee presented Debtor with a stipulation to turnover documents, which Debtor refused to execute. The § 341 meeting was then continued to December 9, 2004.

On December 2, 2004, Trustee filed a Motion to Compel Barton Shocke Beasley to Turnover Records and Documents (the "Motion to Compel"). On December 6, 2004, this Court entered its order granting the Motion to Compel and directing Debtor to turnover various documents requested by Trustee at the continued § 341 meeting that was to be held on December 9, 2004.

Debtor did not appear at the continued § 341 meeting on December 9, 2004, and provided no documentation to Trustee or otherwise complied with the Court's December 6, 2004, order directing turnover.

At a *sua sponte* hearing held January 11, 2005, which was set for the purpose of acting upon the then pending motion to withdraw as counsel filed by Debtor's bankruptcy counsel, the Court was informed that Debtor had not complied in any way with this Court's order directing turnover and had not cooperated with Trustee in Trustee's efforts to administer Debtor's bankruptcy estate. The matter was continued to February 1, 2005, and the Court ordered that Debtor must appear at the continued hearing.

3

The continued hearing was held on February 1, 2005. Debtor's counsel informed the Court that he had informed Debtor of the Court's order directing Debtor to appear at this hearing. Debtor did not appear. Counsel for Trustee informed the Court that Debtor still has not complied in any way with the Court's order directing Debtor to turnover documents to Trustee.

On February 11, 2005, the Court entered its Order To Show Cause Why Debtor Should not be Held in Contempt, ordering Debtor to appear in person before the Court on March 3, 2005, to show cause as to why he should not be held in contempt for his failure to comply with the Court's order granting Trustee's Motion to Compel and the Court's order requiring Debtor to appear at the continued hearing held February 1, 2005.

Debtor appeared before the Court on March 3, 2005. At the hearing Debtor took the witness stand under oath. However, Debtor asserted his Fifth Amendment right against self incrimination and refused to provide testimony. The Court ordered that, in accordance with applicable law, as cited on the record in open court, Debtor had not demonstrated a valid claim for privilege under the Fifth Amendment as an officer, director, and/or person in control of all the Business Entitities. The Court further ordered Debtor, not as an individual, but as representative, officer, director or shareholder of the Business Entities, to turn over to the Trustee the books and records of the Business Entities and to answer questions proposed by Trustee with regard *exclusively* to the Business Entities. Finally, the Court urged the Debtor to retain new counsel at his earliest opportunity. The hearing was continued to April 19, 2005.

At the continued hearing on April 19, 2005, the Court was informed that Debtor had not complied with the Court's orders entered on March 3, 2005, or the Court's prior orders. Debtor was found in contempt of Court and given until May 24, 2005, to purge himself of the contempt by complying with the Court's orders which were restated in open Court. The Court explicitly cautioned Debtor that should he not voluntarily comply with the Court's orders, his compliance

4

would be compelled by further orders of the Court imposing monetary sanctions and/or incarceration. The hearing was continued to May 24, 2005. On May 20, 2005, Debtor filed a letter motion requesting the matter be rescheduled citing his efforts to obtain counsel as cause. The Court granted the extension and the hearing was rescheduled to June 28, 2005.

On June 28, 2005, Debtor and counsel for Trustee appeared before the Court and advised the Court with regard to the status of the case and the status of Debtor's compliance with the Court's prior orders. The Court was informed that Debtor has taken no action to purge himself of the Court's prior findings of contempt. The Court, on the record in open court on June 28, 2005, as reflected in the Minutes of Proceeding (Docket # 108) and as subsequently memorialized in this Court's Order Finding the Debtor in Contempt and Imposing Sanction entered on July 6, 2005 (Docket # 110) assessed, going forward, a sanction of $500.00 per day for every day that the books and record of the business are not turned over, commencing at midnight on June 29, 2005, and each day thereafter. The Court ordered that the sanction would not be dischargeable in a subsequent bankruptcy.

The Court reconvened this hearing on Tuesday, August 2, 2005 at 10:00 a.m. in courtroom E, United States Bankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, Colorado 80202-2508. At the hearing on August 2, 2005, the Court determined that the Debtor had not complied with Court Orders and remained in contempt of court. Further, the Court again advised Mr. Beasley to retain counsel, that he had certain other opportunities and legal rights as a Debtor, and that continued refusal to produce the books and records of the Business Entities may result in incarceration as a sanction for civil contempt of court.

On August 12, 2005, the Debtor filed with the Court his letter explaining that he would continue to assert the Fifth Amendment Privilege. On Monday, August 12, 2005, this Court

5

gave the Debtor yet another opportunity to produce the books and records of the Business Entities. Again, he refused and stated that he rested on the assertions and statements made in his letter filed August 12, 2005. During the hearing on August 15, 2005, the Court also advised the Debtor that it was entering a default judgment against him in the Adversary Proceeding styled: *Dennis W. King, Chapter 7 Trustee v. Barton S. Beasley, an individual,* Adv. No. 05-01326-SBB. The Order and Judgment therein provides that the Debtor be denied a discharge in his Chapter 7 case pursuant to 11 U.S.C. § 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(D), 727(a)(5), 727(a)(6)(A) and 727(a)(6)(C).[2]

Since the beginning of this process, the Court has repeatedly advised Debtor to get counsel in this matter; that the issues involved are serious and the sanctions potentially onerous. The Court has referred Debtor to the Faculty of Federal Advocates *Pro Bono* Program to secure *pro bono* representation in this matter, but he evidently does not qualify or he is unable to get anyone to represent him on a *pro bono* basis. This Court has neither the resources nor the authority to compel counsel to represent the Debtor in this civil contempt proceeding.

## III.  DISCUSSION

The Court, as it has in the past, concludes as a matter of law that the Business Entities are *not* entitled to assert a Fifth Amendment right against self incrimination and that Debtor, as representative, officer, director or shareholder of the Business Entities, is not entitled to assert a Fifth Amendment right against self incrimination with regard to turning over the books and records of the Business Entities and providing testimony concerning the Business Entities exclusively.[3] The Court concludes that Debtor has not purged himself of the prior findings of

---

[2]  The Order and Judgment are attached hereto, respectively, as Exhibits A and B.

[3]  *Braswell v. United States,* 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988);
(continued...)

contempt and hereby finds the Debtor in continuing contempt of this Court.

For the reasons stated on the record in open court, the Court concludes that the Debtor remains in continuing contempt of Court. The Court concludes that Mr. Beasley has not purged himself of prior findings of contempt. The Court, accordingly, in accordance with its ruling on June 28, 2005, as reflected in the Minutes of Proceeding, and as memorialized in this Court's Order of July 6, 2005 (Docket # 110), an additional judgment[4] shall enter against the Debtor as a sanction for $500.00 per day for the period of August 3 to August 15, or $6,000 ($500.00 x 12). The separate Judgment for sanction will not be dischargeable in a subsequent bankruptcy and the continuing sum of $500.00 per day will not be dischargeable in a subsequent bankruptcy.

In addition, this Court has extended many times to the Debtor an opportunity to comply with Orders of this Court and answer questions raised by the Trustee with respect to the Business Entities. Despite this opportunity, the Debtor remains silent, uncooperative, and contemptuous of this Court's Orders and his obligations under the Bankruptcy Code as an officer, director and person in control of the Business Entities.

Pursuant to 11 U.S.C. § 105(a), this Court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, some courts have concluded that "[a] Bankruptcy Court has the power to imprison a debtor for contempt of court when the debtor fails to comply with [its Orders]."[5] Contempt falls into two categories: civil or

---

[3](...continued)
*Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).

[4]   The monetary sanctions emanating from the July 6, 2005 Order now totals $23,000.00 ($500 x 46) to date (*see* Order of August 2, 2005 (Docket # 115) and Judgment of August 2, 2005 (Docket # 116)).

[5]   *Lawrence v. Goldberg (In re Lawrence),* 279 F.3d 1294, 1297 (11th Cir. 2002) (the court concluded that the bankruptcy court has the power to imprison the debtor for contempt
(continued...)

7

criminal.

> The difference between civil and criminal contempt is highlighted by the answer to the question. "What does the court primarily seek to accomplish by imposing sentence?" Civil contempt sanctions are employed to coerce compliance with a court order or to compensate and injured party for losses suffered by reason of the contemptuous behavior. The sanctions of civil contempt, that is, must not be punitive.[6]

It is evident that there is no reason to expect the monetary sanctions alone, entered heretofore, to coerce compliance with this Court's Orders. The Court concludes that imprisonment for contempt is appropriate here.[7] Moreover, this Court concludes that, in this case, as is evidenced by the history of this case, the sanction of imprisonment is a sanction for *civil* contempt—that is, it is employed to coerce compliance with this Court's Orders. It is not intended to be punitive.[8] Several courts have held it is appropriate for a bankruptcy court to order incarceration as a civil

---

[5](...continued)

of court when he failed to comply with a turnover order); *see also In re Winslow,* 186 B.R. 716, 720 (D.Colo. 1995)(court held that the threat of incarceration is inherent in the bankruptcy court's contempt powers); *but see, In re Skinner,* 917 F.2d 444, 448 (10th Cir. 1990)(here, the local rules of the District Court of Utah did not allow the bankruptcy court "to punish for contempt, whether criminal or civil, by imprisonment"). With respect to *Skinner,* the District Court of Colorado does not have a local rule that would preclude this Court from entering an order punishing a civil contempt by imprisonment. Thus, it is distinguishable from this case.

[6]      10 *Collier on Bankruptcy* ¶ 9020.01[1], at 9020-2 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2003)(citations omitted).

[7]      *See, In re Duggan,* 133 B.R. 671, 672 (Bankr. D.Mass. 1991) (monetary sanction was not appropriate because there was no reason to expect the debtor to comply with the monetary judgment).

[8]      While this Court concludes that the contempt here is civil, there is some authority indicating that the bankruptcy courts have power to punish criminal contempt. *See* 10 *Collier on Bankruptcy* ¶ 9020.01[2], at 9020-3.

contempt sanction.[9]  However, this Court is not aware of any definitive consensus in this District

or Circuit with respect to incarceration as a civil contempt sanction.[10]  Because the very serious

sanction of incarceration is involved, the Court believes that it is more prudent to certify this

matter to the District Court for *de novo* review and consideration of the recommendations made

herein.[11]

## IV.   ORDER

For the reasons stated on the record in open court, the Court concludes that the Debtor

remains in contempt of Court.  Accordingly it is,

ORDERED that:

1.       In accordance with this Court's Order of July 6, 2005 (Docket # 110), a judgment

shall enter against the Debtor as a sanction for $500.00 per day for the period of August 3 to

August 15, or $6,000 ($500.00 x 12).  This Judgment is in favor of the estate against the Debtor.

This Order and separate Judgment for sanction will not be dischargeable in a subsequent

bankruptcy.

2.       This matter is hereby CERTIFIED to the United States District Court for the

District of Colorado for consideration of incarceration as civil contempt.  The Court's

---

[9]       *See, In re Maxxair Aircraft Corp. Of Georgia, Inc.,* 148 B.R. 353, 358 (M.D. Ga. 1992) (incarceration appropriate for debtor's continued failure to comply with court orders); *In re Duggan,* 133 B.R. 671, 672 (Bankr. D.Mass. 1991) (sanction of imprisonment appropriate where monetary sanctions seemed ineffective).

[10]       Much of the case law that this Court has reviewed occurred prior to the revision of Rule 9020 effective December 1, 2001.  Seemingly, this Court does have, on its own, civil contempt powers, including the power to incarcerate.  *See* Advisory Committee Note to Rule 9020 (2001).

[11]       *See, e.g., In re Winslow,* 186 B.R. 716 (D. Colo. 1995) (in one of many decisions involving Rainsford J. Winslow, the Court, by its own example, outlines a procedure to ensure due process involving the appointment of counsel and certification to the District Court).

recommendation is that the District Court direct that the United States Marshal Service incarcerate Mr. Beasley forthwith.  Thereafter, at periodic hearings to be held every 30 days, or less, this Court recommends that the order of contempt and imprisonment be reconsidered in order to assure that the contempt sanction continues to serve, and is limited to, its stated purpose of coercion and to allow the Court to be advised as to the status of this case.

Dated this 15th day of August, 2005.

BY THE COURT:

Sidney B. Brooks,
United States Bankruptcy Judge

10

727OBJ

# U.S. Bankruptcy Court
## District of Colorado (Denver)
### Bankruptcy Petition #: 04-31694-SBB

*Assigned to:* Sidney B. Brooks
Chapter 7
Voluntary
No asset

*Date Filed:* 10/04/2004

**Barton Shocke Beasley, *42-1600232,***
***870723502***
6574 S. Franklin St.
Littleton, CO 80121
SSN: xxx-xx-5795
*Debtor*
*aka*
**Bart Beasley**
*aka*
**Barton S. Beasley**
*mem*
**FunRay Spas**
*mem*
**FunRay USA Denver, LLC**
*mem*
**FunRay USA, LLC**
*mem*
**FunRay USA Pueblo, LP**
*mem*
**FunRay Project, LLC**
*mem*
**CashBack International, LLC**
*mem*
**DenBe Marketing**

represented by **Barton Shocke Beasley**
PRO SE

**Arthur Lindquist-Kleissler**
950 S. Cherry St.
Ste. 710
Denver, CO 80246
(303)691-9774
Email: Arthur@alklaw.com
*TERMINATED: 02/01/2005*
*LEAD ATTORNEY*

**Dennis W. King**
PO Box 460668
Aurora, CO 80046-0668
303-751-3200
Email: kingdj7@aol.com
*Trustee*

represented by **Douglas C. Pearce, II**
390 Interlocken Crescent
Ste. 490
Broomfield, CO 80021
303-661-9292
Fax : 303-661-9555
Email: doug@crlpc.com

**US Trustee**
999 18th St.
Ste. 1551
Denver, CO 80202
303-312-7230

Ex.A

1 of 19

8/15/2005 10:35 AM

Email: USTPRegion19.DV.ECF@usdoj.gov
*U.S. Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 08/12/2005 | ❶ 122 | Letter from Bart Beasley to Judge Brooks Filed by Barton Shocke Beasley . (jc) (Entered: 08/12/2005) |
| 08/05/2005 | ❶ 121 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)116 Judgment for BK Case, , , ). No. of Notices: 1. Service Date 08/05/2005. (Admin.) (Entered: 08/05/2005) |
| 08/05/2005 | ❶ 120 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)115 Generic Order, , , , , , , , , Order Setting Hearing, , , , , , , , ). No. of Notices: 1. Service Date 08/05/2005. (Admin.) (Entered: 08/05/2005) |
| 08/05/2005 | ❶ 119 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)114 Minutes of Proceedings/Minute Order, , , , , , , ). No. of Notices: 1. Service Date 08/05/2005. (Admin.) (Entered: 08/05/2005) |
| 08/03/2005 | ❶ 118 | Court Certificate of Mailing. Number of notices mailed: 4, Date Mailed 8/3/05 .(related document(s)116 Judgment for BK Case). (jc) (Entered: 08/03/2005) |
| 08/03/2005 | ❶ 117 | Notice of Entry on Docket of Judgment or Order. Date Mailed: 8/3/05. (related document(s)116 Judgment for BK Case ). (jc) (Entered: 08/03/2005) |
| 08/02/2005 | ❶ 116 | Judgment Finding the Debtor, Barton S. Beasley, in Contempt of Court and Imposing Sanctions. IT IS ORDERED AND ADJUDGED that, in accordance with the separate Order entered concurrently herewith and this Court's Order of July 6, 2005 (Docket # 110), JUDGMENT enters against the Debtor as a sanction for $500.00 per day from midnight on June 29, 2005, and each day thereafter to date (August 2, 2005), for a total of $17,000.00 ($500 x 34). This Judgment is in favor of the estate against the Debtor. The sanction of $500.00 per day willcontinue until Debtor has complied with Court Orders. This Judgment for sanction will not be dischargeable in a subsequent bankruptcy and the continuing sum of $500.00 per day will not be dischargeable in a subsequent bankruptcy. (related document(s)114 Minutes of Proceedings/Minute Order, 115 Generic Order, Order Setting Hearing ). (jc) (Entered: 08/03/2005) |
| 08/02/2005 | ❶ 115 | Order (1) Finding the Debtor, Barton S. Beasley, in Contempt of Court and Imposing Sanctions and (2) Setting a Continued Hearing on this matter for Monday August 15, 2005 at 10:00 a.m. whereby, |

Failing Compliance with Prior Court Orders, the United States Marshal will Secure and Incarcerate the Debtor, Barton S. Beasley. For the reasons stated on the record in open court, the Court concludes that the Debtor remains in contempt of Court. Accordingly it is, ORDERED that, in accordance with this Court's Order of July 6, 2005 (Docket # 110), a judgment shall enter against the Debtor as a sanction for $500.00 per day from midnight on June 29, 2005, and each day thereafter to date (August 2, 2005), for a total of $17,000.00 ($500 x 34).This Judgment is in favor of the estate against the Debtor. The sanction of $500.00 per day will continue until Debtor has complied with Court Orders. This Order and separate Judgment for sanction will not be dischargeable in a subsequent bankruptcy and the continuing sum of $500.00 per day will not be dischargeable in a subsequent bankruptcy. IT IS FURTHER ORDERED that this matter is continued to Monday, August 15, 2005, at 10:00 a.m. in Courtroom E, United States Bankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, Colorado 80202-2508. At the hearing on August 15, 2005, if the Debtor has not complied with this Court?s Orders and purged himself of contempt, the Court will direct that the United States Marshal Service incarcerate Mr. Beasley. Consequently, the Court directs that this Order be served by the Clerk of the Court on the United States Marshal Service and that an officer of United States Marshal Service be present at thehearing on August 15, 2005. (related document(s)114 Minutes of Proceedings/Minute Order, 3 Voluntary Petition-Chapter 7, 77 Minutes of Proceedings/Minute Order). Hearing to be held on 8/15/2005 at 10:00 AM Courtroom E for 3, (jc) (Entered: 08/03/2005)

| 08/02/2005 | ❍ 114 | Minutes of Proceeding For the reasons stated on the record in open court, the Court concluded that the Debtor remained in contempt of Court. The Court concluded that Mr. Beasley had not purged himself of prior findings of contempt. The Court, accordingly, in accordance with its ruling on June 28, 2005, as reflected in the Minutes of Proceeding, and as memorialized in this Court's Order of July 6, 2005 (Docket # 110) will enter a judgment as a sanction for $500.00 per day from midnight on June 29, 2005, and each day thereafter to date (August 2, 2005), for a total of $17,000.00 ($500 x 34). The sanction of $500.00 per day will continue until Debtor has complied with Court Orders. The separate Judgment for sanction will not be dischargeable in a subsequent bankruptcy and the continuing sum of $500.00 per day will not be dischargeable in a subsequent bankruptcy. The Court will reconvene this hearing on Monday, August 15, 2005 at 10:00 a.m. in courtroom E, United StatesBankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, Colorado 80202-2508. At the hearing on August 15, 2005, if the Debtor has not complied with this Court's Orders and purged himself of the contempt, the Court will direct that the United States Marshal Service incarcerate Mr. Beasley. The Court further ordered that it will allow the counsel for the Trustee to submit an application for fees incurred in attempting to obtain Mr. Beasley's compliance with Court Orders. Once an |

| | | |
|---|---|---|
| | | application is filed and served upon Mr. Beasley, Mr. Beasley shall have 10 days in which to file a response. (related document(s)3 Voluntary Petition-Chapter 7, 77 Minutes of Proceedings/Minute Order). Hearing to be held on 8/15/2005 at 10:00 AM Courtroom E for 3 and for 77, (jc) (Entered: 08/03/2005) |
| 07/20/2005 | ❂ | Adversary Case Number 05-1030 Closed. (cso) (Entered: 07/20/2005) |
| 07/20/2005 | ❂ | Adversary Case Number 04-2135 Closed. (cso) (Entered: 07/20/2005) |
| 07/09/2005 | ❂ 113 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)111 Order Setting Hearing, ). No. of Notices: 6. Service Date 07/09/2005. (Admin.) (Entered: 07/09/2005) |
| 07/09/2005 | ❂ 112 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)110 Order For Sanctions, ). No. of Notices: 6. Service Date 07/09/2005. (Admin.) (Entered: 07/09/2005) |
| 07/07/2005 | ❂ | Disposition of Adversary Proceeding Number 05-1030 SBB. Final Order or Judgment Has Entered. (cso) (Entered: 07/07/2005) |
| 07/06/2005 | ❂ 111 | Order Finding the Debtor, Barton BS. Beasley in Contempt and imposing Sanctions and Setting Hearing RE: (related document(s)26 Motion to Compel Barton Shocke Beasley To turnover records and documents Filed by Dennis W. King Hearing to be held on 8/2/2005 at 10:00 AM Courtroom E for 26, (do) (Entered: 07/07/2005) |
| 07/06/2005 | ❂ 110 | Order Imposing Sanctions is imposed upon the Debtor in the amount of $500.00 per day for every day the books and records of the Business Entities are not turned over to the Trustee commencing at midnight on 6/29/5. Against Barton S. Beasley, Debtor. This Matter is Continued to 8/2/5 at 10:00 am in Courtroom E. (related document(s)26 Motion to Compel Barton Shocke Beasley To turnover records and documents Filed by Dennis W. King(do) (Entered: 07/07/2005) |
| 07/05/2005 | ❂ | Disposition of Adversary Proceeding Number 04-2135 SBB. Final Order or Judgment Has Entered. (cso) (Entered: 07/05/2005) |
| 07/01/2005 | ❂ 109 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)108 Minutes of Proceedings/Minute Order, , , , , , , ). No. of Notices: 1. Service Date 07/01/2005. (Admin.) (Entered: 07/02/2005) |
| 06/28/2005 | ❂ 108 | Minutes of Proceeding At the commencement of the hearing the Court DENIED the Debtor's letter-motion to continue this hearing (Docket#107). These Minutes of Proceeding shall constitute the |

| | | |
|---|---|---|
| | | Order of the Court and no further Order will enter with regard to this letter-motion. For the reasons stated on the record in open court, the Court found the Debtor to be in contempt of Court. The Court concluded that Mr. Beasley had not purged himself of prior findings of contempt. The Court, accordingly, will assess a sanction of $500.00 per day for every day that the books and record of the business are not turned over, commencing at midnight on June 29, 2005, and each day thereafter. The sanction will not be dischargeable in a subsequent bankruptcy. The Court will reconvene this hearing on Tuesday, August 2, 2005 at 10:00 a.m. in courtroom E, United States Bankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, CO 80202-2508. At the hearing on August 2, 2005, the Court will determine if the sanction has been successful in directing the Debtor's compliance with Court Orders. In the event that the Debtor continues to be in contempt, the Court will consider at the August 2, 2005 hearing more severe sanctions, including, but not limited to, possible incarceration by the United States Marshal Service. Mr. Pearce is ordered to prepare an abbreviated Order reciting the Court's conclusions of law, adopting and incorporating the Court's findings of fact and conclusions made on the record in open court, and the essential features of the Court's oral ruling. (related document(s)3 Voluntary Petition-Chapter 7, 107 Document). Hearing to be held on 8/2/2005 at 10:00 AM Courtroom E for 3 and for 107, (jc) (Entered: 06/29/2005) |
| 06/24/2005 | ❂ 107 | Letter Filed by Barton Shocke Beasley. (related document(s):105 Notice of Hearing, 102 Motion to Continue/Reschedule Hearing). (jc) (Entered: 06/27/2005) |
| 06/22/2005 | ❂ | Adversary Case Number 05-01015 SBB Closed. (psd) (Entered: 06/22/2005) |
| 06/09/2005 | ❂ | Disposition of Adversary Proceeding Number 05-01015 SBB. Final Order or Judgment Has Entered. (psd) (Entered: 06/09/2005) |
| 05/25/2005 | ❂ 106 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)103 Order on Motion to Continue/Reschedule Hearing, ). No. of Notices: 1. Service Date 05/25/2005. (Admin.) (Entered: 05/25/2005) |
| 05/23/2005 | ❂ 105 | Order and Notice of Reschedule Hearing RE: (related document(s)59 Order on Motion for Examination, 76 Minutes of Proceedings/Minute Order,, 77 Minutes of Proceedings/Minute Order,). Hearing to be held on 6/28/2005 at 01:30 PM Courtroom E for 59 and for 76 and for 77, (do) (Entered: 05/23/2005) |
| 05/23/2005 | ❂ 104 | Court Certificate of Mailing. Number of notices mailed: 1 Date Mailed 5/23/5 (related document(s)103 Order on Motion to Continue/Reschedule Hearing, ). (do) (Entered: 05/23/2005) |

| 05/23/2005 | ❂ 103 | Order and Notice of Reschedule Hearing Granting 102 Debtor's Motion to Continue Hearing Filed by Barton Shocke Beasley(related document(s):3 Voluntary Petition-Chapter 7). Hearing to be held on 6/28/2005 at 1:30 PM Courtroom E for 3, (do) (Entered: 05/23/2005) |
|---|---|---|
| 05/23/2005 | ❂ | Corrected Entry. Per doc #94, hearing was continued to 5/24/05 for doc #3 (Chapter 7 Voluntary Petition). Created link to doc #3 within doc #94 and added to monthly calendar (related document(s):94 Minutes of Proceedings/Minute Order). (llh) (Entered: 05/23/2005) |
| 05/20/2005 | ❂ 102 | Motion to Continue Hearing Filed by Barton Shocke Beasley. (related document(s)58 Motion for Examination, 94 Minutes of Proceedings/Minute Order) . (jc) (Entered: 05/20/2005) |
| 05/15/2005 | ❂ 101 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)100 Order on Motion For Relief From Stay). No. of Notices: 1. Service Date 05/15/2005. (Admin.) (Entered: 05/15/2005) |
| 05/13/2005 | ❂ 100 | Order Granting Motion for Relief from Stay On 6574 S. Franklin St. Filed by Thomas F. Farrell on behalf of Wells Fargo Financial Colorado, Inc. (related document(s):88 Motion for Relief From Stay and 401 Notice, ). (jc) (Entered: 05/13/2005) |
| 05/12/2005 | ❂ 99 | Certificate of Non-Contested Matter Filed by Thomas F. Farrell on behalf of Wells Fargo (related document(s):88 Motion for Relief From Stay and 401 Notice, ). (Farrell, Thomas) (Entered: 05/12/2005) |
| 05/06/2005 | ❂ 98 | Electronic Transript of the April 19, 2005 Status Conference and hearing with respect to compliance with court orders and other matters had before The Honorable Sidney B. Brooks. Transcribed and Filed by A V Tronics, Inc., per request of SBB for a total cost of $52.80, (related document(s):94 Minutes of Proceedings/Minute Order,95 Order on Application for Compensation, ). (JMB) (Entered: 05/06/2005) |
| 04/22/2005 | ❂ 97 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)95 Order on Application for Compensation, ). No. of Notices: 1. Service Date 04/22/2005. (Admin.) (Entered: 04/23/2005) |
| 04/22/2005 | ❂ 96 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)94 Minutes of Proceedings/Minute Order, , , , , , , , , , , ). No. of Notices: 3. Service Date 04/22/2005. (Admin.) (Entered: 04/23/2005) |
| 04/21/2005 | ❂ | Corrected Entry. Corrected amount of compensation awarded to $4,278.70 (related document(s):95 Order on Application for Compensation, ). (llh) (Entered: 04/21/2005) |

| 04/19/2005 | ☗ 95 | Order Approving Trustee's Application for Fees, Expenses and Costs Submitted Pursuant to Court Order Entered March 3, 2005 (related document(s):83 Application for Compensation). It is ordered that Debtor shall pay the Trustee the amount of $4,278.70 within 10 days from the entry of this order. (jc) **Modified on 4/21/2005 (llh).** (Entered: 04/20/2005) |
|---|---|---|
| 04/19/2005 | ☗ 94 | Minutes of Proceeding The Court deemed as satisfied the disclosure of Dan Carr and the compliance of Mr. Jeremiah Beasley. The Court continued this matter to Tuesday, May 24, 2005 at 10:00 a.m. in Courtroom E, United States Bankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, Colorado 80202-2508, to consider: (1) the status of this case; (2) Debtor's compliance with Court Orders, including the order entered today, as stated on the record in open court and as summarized in these Minutes. Debtor is ordered to appear in person at the continued hearing. The Court ordered, as it has on prior occasions, that, in accordance with applicable law, the Debtor did not demonstrate a valid claim for privilege under the Fifth Amendment. The Debtor, not as an individual, but as the representative, officer, director, shareholder and former shareholder of the various corporations and business entities identified in his schedules, is ordered to turn over the books and records, including those records which show business operations, business establishment, business transactions, business sales, business ledgers, business financial statements, business records. The Debtor is ordered to disclose the whereabouts of the separate business entity records as well as the location of the computers wherein data has been stored related to the separate business entities. Debtor is further ordered to answer questions regarding the businesses exclusively. He shall comply with this Court's Orders on or before Tuesday, May 24, 2005 at 10:00 a.m. Debtor is further found in contempt of Court for failure to comply with prior Court Orders. He may, however, purge himself of such contempt by complying with the above. In the event that the Debtor does not purge himself of the contempt or otherwise comply with this Court's Orders, sanctions may include a daily monetary sanction until the Debtor complies with this Court's Orders. Alternatively, the Court may enter such Orders as necessary, including, directing the incarceration of the Debtor, to compel compliance. These Minutes of Proceeding shall constitute the Order of this Court and a separate Order will not enter. The Court further GRANTED Trustee's Application for Fees, Expenses and Costs Submitted Pursuant to Court Order Entered March 3, 2005 (Docket # 83) as reduced and limited on the record in open court. A separate Order will enter concurrently with these Minutes of Proceeding. (related document(s) 3 Chapter 7 Voluntary Petition,59 Order on Motion for Examination, 76 Minutes of Proceedings/Minute Order,, 77 Minutes of Proceedings/Minute Order). Hearing to be held on 5/24/2005 at 10:00 AM Courtroom E for 3, 59, 76 and for 77, (jc) **Modified on 5/23/2005 (llh).** Created additional link. (Entered: 04/20/2005) |

| | | |
|---|---|---|
| 04/14/2005 | ❷ 93 | Complaint. Adversary Proceeding Number 05-01326 SBB. Nature of Suit 424 (727 Objection) by Dennis W. King against Barton S. Beasley Filed by Douglas C. Pearce II on behalf of Dennis W. King Adversary Status Deadline 8/12/2005 (lar) (Entered: 04/15/2005) |
| 04/11/2005 | ❷ 92 | Court Certificate of Mailing. Number of notices mailed: 1 Date Mailed 4/11/05 (related document(s)90 Notice of Hearing, , ). (dg) (Entered: 04/11/2005) |
| 04/11/2005 | ❷ 91 | Court Certificate of Mailing. Number of notices mailed: 5 Date Mailed 4/11/05 (related document(s)90 Notice of Hearing, , ). (dg) (Entered: 04/11/2005) |
| 04/11/2005 | ❷ 90 | Notice of Rescheduled Hearing RE: (1) the status of this case;(2) Debtor's compliance with Court Orders, including the orders entered in open court on March 3, 2005; and (3) if appropriate and necessary, the disclosure of Dan Carr under Fed.R.Bankr.P. 2016(b); and (4) compliance of Mr. Jeremiah Beasley with the prior Order of this Court and the Order directing his compliance therewith (related document(s)3 Voluntary Petition-Chapter 7). Hearing to be held on 4/19/2005 at 11:00 AM Courtroom E (dg) (Entered: 04/11/2005) |
| 04/11/2005 | 89 | Receipt of Motion for Relief From Stay and 401 Notice(04-31694-SBB) [motion,mrlfstr] ( 150.00) Filing Fee. Receipt number 2962873. Fee amount 150.00 (U.S. Treasury) (Entered: 04/11/2005) |
| 04/08/2005 | ❷ 88 | Motion for Relief from Stay On 6574 S. Franklin St. and 401 Notice Filed by Thomas F. Farrell on behalf of Wells Fargo. Relief From Stay Hearing scheduled for 5/10/2005 at 09:00 AM at Courtroom E. (Attachments: # 1 Proposed/Unsigned Order) (Farrell, Thomas) (Entered: 04/08/2005) |
| 03/29/2005 | ❷ 87 | Document titled, "Disclosure of Compensation", "I certify that I am not the attorney of the Debtor in this matter and I have not been paid any compensation by the Debtor in the previous year." filed by Daniel W. Carr, esq. (related document(s):77 Minutes of Proceedings/Minute Order). (do) (Entered: 03/30/2005) |
| 03/24/2005 | ❷ 86 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)85 Order on Motion For Relief From Stay). No. of Notices: 1. Service Date 03/24/2005. (Admin.) (Entered: 03/24/2005) |
| 03/22/2005 | ❷ 85 | Order Granting Motion for Relief from Stay On 2001 Cadillac DeVille Filed by Robert M. Duitch on behalf of JP Morgan Chase Bank, N.A.(related document(s):74 Motion for Relief From Stay and 401 Notice, ). (jc) (Entered: 03/22/2005) |

| 03/18/2005 | ❏ 84 | Certificate of Non-Contested Matter Filed by Robert M. Duitch on behalf of JP Morgan Chase Bank, N.A. successor by Merger to Bank One, N.A. (related document(s):74 Motion for Relief From Stay and 401 Notice, ). (Duitch, Robert) (Entered: 03/18/2005) |
| --- | --- | --- |
| 03/18/2005 | ❏ 83 | Application for Compensation for Douglas C. Pearce II, Trustee's Attorney, Period: to, Fees Requested: $4,245.00, Expenses Requested: $458.20, for Dennis W. King, Trustee Chapter 7, Period: to, Fees Requested: $3,572.00, Expenses Requested: $200.92. Filed by Douglas C. Pearce II. (Attachments: # 1 Proposed/Unsigned Order) (Pearce, Douglas) (Entered: 03/18/2005) |
| 03/13/2005 | ❏ 82 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)81 Order on Motion for Examination). No. of Notices: 1. Service Date 03/13/2005. (Admin.) (Entered: 03/13/2005) |
| 03/11/2005 | ❏ 81 | Order Authorizing Discovery and the Examination of Vectra Bank Pursuant to Bankruptcy Rule 2004. (related document(s):80 Motion for Examination). (jc) (Entered: 03/11/2005) |
| 03/10/2005 | ❏ 80 | Motion for 2004 Examination Of Vectra Bank Filed by Douglas C. Pearce II on behalf of Dennis W. King. (Attachments: # 1 Proposed/Unsigned Order) (Pearce, Douglas) (Entered: 03/10/2005) |
| 03/06/2005 | ❏ 79 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)77 Minutes of Proceedings/Minute Order, , , , , , , , , , , , , , , , ). No. of Notices: 3. Service Date 03/06/2005. (Admin.) (Entered: 03/06/2005) |
| 03/05/2005 | ❏ 78 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)76 Minutes of Proceedings/Minute Order, ). No. of Notices: 3. Service Date 03/05/2005. (Admin.) (Entered: 03/05/2005) |
| 03/04/2005 | ❏ | Corrected Entry. Created additional links for Doc. #77 to Doc. #58 and Doc. #59 per CAT request. (related document(s):77 Minutes of Proceedings/Minute Order ). (sd) **Modified on 3/4/2005 (sd).** (Entered: 03/04/2005) |
| 03/03/2005 | ❏ 77 | Minutes of Proceeding For the reasons stated on the record in open court, the Court ordered that a sanction should be imposed on the Debtor payable to the Trustee for his attorney's fees, expenses and costs in bringing this matter to the Court and such other fees, expenses and costs attendant thereto. Mr. Pearce may file an application for fees, costs, and expenses on or before March 18, 2005. This application shall be served on Mr. Beasley. Mr. Beasley shall, thereafter have an opportunity to file a response thereto on or before March 28, 2005. Mr. Beasley shall serve a copy of his response also on Mr. Pearce. The Court will thereafter take the sanctions matter under advisement. The Court, for the reasons stated on the record in |

open court, concluded that Dan Carr-counsel who was present, but did not enter his appearance in this matter during the morning portion of the hearing, but who did not attend or appear in the afternoon portion of the hearing-must file a disclosure pursuant to Fed.R.Bankr.P. 2016(b). The Court ordered the disclosure to be filed on or before March 18, 2005. The Court ordered Mr. Jeremiah Beasley, the son of the Debtor, to contact Mr. Pearce on or before March 18, 2005 to make arrangements to appear at an examination pursuant to Fed.R.Bankr.P. 2004 as directed by this Court's Order Authorizing Discovery and the Examination of Jeremiah Beasley entered on January 19, 2005 (Docket # 59). Mr. Beasley is to produce all documents requested in the Motion for Examination (Docket # 58) and as ordered by this Court (Docket # 59). The Court ordered the Debtor to convey this ruling to his son. The Court further ordered that failure to comply with this Court's prior Order (Docket # 59) and this Order, as more fully stated on the record in open court and as reflected in these Minutes of Proceeding, may result in this Court entering such order as may be necessary to apprehend and deliver Jeremiah Beasley to this Court with the assistance of the U.S. Marshal. The Court further ordered that, in accordance with applicable law, as cited on the record in open court, the Debtor did not demonstrate a valid claim for privilege under the Fifth Amendment. The Debtor, not as an individual, but as the representative, officer, director, shareholder and former shareholder of the various corporations and business entities identified in his schedules, is ordered to turn over the books and records, including those records which show business operations, business establishment, business transactions, business sales, business ledgers, business financial statements, business records. Debtor is further ordered to answer questions regarding the businesses exclusively. The Court continued this matter to Tuesday, April 12, 2005 at 10:00 a.m. in Courtroom E, United States Bankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, Colorado 80202-2508, to consider: (1) the status of this case; (2) Debtor's compliance with Court Orders, including the orders entered today; (3) if appropriate and necessary, the disclosure of Dan Carr under Fed.R.Bankr.P. 2016(b); and (4) compliance of Mr. Jeremiah Beasley with the prior Order of this Court (Docket # 59) and the Order directing his compliance therewith entered on the record in open court today. These Minutes of Proceeding shall constitute the Order of this Court and a separate Order will not enter.?The Clerk of the Court shall serve a copy of these Minutes of Proceeding on the parties present at the hearing and on Mr. Dan Carr at Dill Dill Carr Stonbraker & Hutchings, P.C., Suite 300, 455 Sherman Street, Denver, CO 80303 and Jeremiah Beasley at 6721 S. Gilpin Circle West, Centennial, CO 80122. (related document(s)3 Voluntary Petition-Chapter 7, 58 Motion for 2004 Examination, 59 Order on Motion for 2004 Examination). Disclosure Statement due by 3/18/2005 for 3, Hearing to be held on 4/12/2005 at 10:00 AM Courtroom E for 3, (jc) **Modified on 3/4/2005 (sd).** (Entered: 03/04/2005)

| 03/03/2005 | ☻ 76 | Minutes of Proceeding Continued Sua Sponte hearing regarding status of case and show cause hearing regarding why Debtor shall not be held in contempt for his failure to comply with Court Orders. The Court recessed this hearing and shall reconvene at 1:30 p.m. this date. (related document(s)3 Voluntary Petition-Chapter 7). (jc) (Entered: 03/03/2005) |
|---|---|---|
| 02/21/2005 | 75 | Receipt of Motion for Relief From Stay and 401 Notice(04-31694-SBB) [motion,mrlfstr] ( 150.00) Filing Fee. Receipt number 2802171. Fee amount 150.00 (U.S. Treasury) (Entered: 02/21/2005) |
| 02/21/2005 | ☻ 74 | Motion for Relief from Stay On 2001 Cadilac Deville and 401 Notice Filed by Robert M. Duitch on behalf of JP Morgan Chase Bank, N.A., successor by Merger to Bank One, N.A.. Relief From Stay Hearing scheduled for 3/22/2005 at 09:00 AM at Courtroom E. (Attachments: # 1 Proposed/Unsigned Order) (Duitch, Robert) (Entered: 02/21/2005) |
| 02/13/2005 | ☻ 73 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)71 Order to Show Cause, , ). No. of Notices: 1. Service Date 02/13/2005. (Admin.) (Entered: 02/13/2005) |
| 02/12/2005 | ☻ 72 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)69 Order on Motion to Extend Time, ). No. of Notices: 110. Service Date 02/12/2005. (Admin.) (Entered: 02/12/2005) |
| 02/11/2005 | ☻ 71 | Order to Show Cause Why Debtor Should Not Be Held in Contempt. IT IS HEREBY ORDERED: Debtor is to appear in person before this Court on March 3, 2005, at 11:00 a.m. to show cause as to why he should not be held in contempt for his failure to comply with the Court's order granting Trustee's Motion to Compel and the Court's order requiring Debtor to appear at the continued hearing held February 1, 2005. (related document(s)3 Voluntary Petition-Chapter 7). Show Cause Hearing to be held on 3/3/2005 at 11:00 AM Courtroom E (jc) (Entered: 02/11/2005) |
| 02/11/2005 | ☻ 70 | Electronic Transcript of the February 1, 2005 Status Conference before The Honorable Sidney B. Brooks, Chief Judge. Transcribed and Filed by Verbatim Transcription, Inc., as Requested by SBB for a total cost of: $115.50 (related document(s):62 Minutes of Proceedings/Minute Order, ). (JMB) (Entered: 02/11/2005) |
| 02/10/2005 | ☻ 69 | Order Granting Trustee's Motion to Extend Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts. (related document(s):1 First Meeting-Chapter 7). Last day to oppose discharge or dischargeability is 4/15/2005 for 1, (jc) (Entered: 02/10/2005) |

| 02/09/2005 | ❏ 68 | Certificate of Non-Contested Matter Filed by Dennis W. King on behalf of Dennis W. King (related document(s):44 Motion to Extend Time, ). (Attachments: # 1 Proposed/Unsigned Order) (King, Dennis) (Entered: 02/09/2005) |
| --- | --- | --- |
| 02/04/2005 | ❏ 67 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)63 Order on Motion to Withdraw as Attorney). No. of Notices: 111. Service Date 02/04/2005. (Admin.) (Entered: 02/04/2005) |
| 02/04/2005 | ❏ 66 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)62 Minutes of Proceedings/Minute Order, ). No. of Notices: 1. Service Date 02/04/2005. (Admin.) (Entered: 02/04/2005) |
| 02/04/2005 | ❏ 65 | Subpoena and Subpoena Duces Tecum Served On Jeremiah Beasley Filed by Douglas C. Pearce II on behalf of Dennis W. King (related document(s):59 Order on Motion for Examination). (Pearce, Douglas) (Entered: 02/04/2005) |
| 02/04/2005 | ❏ 64 | Subpoena and Subpoena Duces Tecum Served On Barton Shocke Beasley Filed by Douglas C. Pearce II on behalf of Dennis W. King (related document(s):52 Order on Motion for Examination). (Pearce, Douglas) (Entered: 02/04/2005) |
| 02/01/2005 | ❏ 63 | Order Granting Motion To Withdraw As Attorney Arthur Lindquist-Kleissler Terminated. (related document(s):18 Motion to Withdraw as Attorney, ). (do) (Entered: 02/02/2005) |
| 02/01/2005 | ❏ 62 | Minutes of Proceedings RE: Motion to Withdraw as Counsel (related document(s)3 Voluntary Petition-Chapter 7, 18 Motion to Withdraw as Attorney, ). Hearing to be held on 3/3/2005 at 11:00 AM Courtroom E for 3 and for 18,Mr. Pearce shall submit a proposed Order due by 2/11/2005 for 3 and for 18, (do) Additional attachment(s) Order to Show Cause added on 2/11/2005 (bcs). **Modified on 2/11/2005 (bcs).** (Entered: 02/02/2005) |
| 01/21/2005 | ❏ 61 | Courts Notice or Order and BNC Certificate of Mailing (related document(s)59 Order on Motion for Examination). No. of Notices: 1. Service Date 01/21/2005. (Admin.) (Entered: 01/22/2005) |
| 01/19/2005 | ❏ 60 | Report of Sale Filed by Dickensheet & Associates, Inc. (jc) (Entered: 01/19/2005) |
| 01/19/2005 | ❏ 59 | Order Authorizing Discovery and the Examination of Jeremiah Beasley Pursuant to Bankruptcy Rule 2004. (related document(s):58 Motion for Examination). (jc) (Entered: 01/19/2005) |
| 01/18/2005 | ❏ 58 | Motion for 2004 Examination Of Jeremiah Beasley Filed by Douglas C. Pearce II on behalf of Dennis W. King. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Proposed/Unsigned Order) (Pearce, Douglas) (Entered: 01/18/2005) |
| 01/14/2005 | ❏ <u>57</u> | Complaint. Adversary Proceeding Number 05-1030 SBB. Nature of Suit 426 (523 Dischargeability) by Electronic Payment Systems,L.L.C. against Barton Shocke Beasley Filed by Howard Buchalter on behalf of Electronic Payment Systems,L.L.C. Adversary Status Deadline 5/16/2005 (mem) (Entered: 01/18/2005) |
| 01/14/2005 | ❏ <u>56</u> | 202 Notice Filed by Robert A. Lees on behalf of John Brown , Linda Brown (related document(s):<u>55</u> Motion to Extend Time). 202 Objections due by 2/7/2005 for <u>55</u>, (jc) (Entered: 01/14/2005) |
| 01/14/2005 | ❏ <u>55</u> | Motion for Extension of Time to File Complaint Objecting to Discharge of Debtor or to Determine Dischargeability of Certain Debts Filed by Robert A. Lees on behalf of John Brown , Linda Brown . (Attachments: # <u>1</u> Proposed/Unsigned Order) (jc) (Entered: 01/14/2005) |
| 01/14/2005 | ❏ <u>54</u> | Entry of Appearance Filed by Robert A. Lees on behalf of Linda Brown , John Brown . (jc) (Entered: 01/14/2005) |
| 01/14/2005 | ❏ <u>53</u> | Court Certificate of Mailing. Number of notices mailed: 5 Date Mailed 1/14/05 (related document(s)<u>52</u> Order on Motion for Examination). (jc) (Entered: 01/14/2005) |
| 01/14/2005 | ❏ <u>52</u> | Order Authorizing Discovery and the Examination of Barton Shocke Beasley Pursuant to Bankruptcy Rule 2004. (related document(s):<u>50</u> Motion for Examination). (jc) (Entered: 01/14/2005) |
| 01/13/2005 | ❏ <u>51</u> | Courts Notice or Order and BNC Certificate of Mailing (related document(s)<u>48</u> Minutes of Proceedings/Minute Order, , , , ). No. of Notices: 2. Service Date 01/13/2005. (Admin.) (Entered: 01/13/2005) |
| 01/13/2005 | ❏ <u>50</u> | Motion for 2004 Examination Of Barton S. Beasley Filed by Douglas C. Pearce II on behalf of Dennis W. King. (Attachments: # <u>1</u> Proposed/Unsigned Order) (Pearce, Douglas) (Entered: 01/13/2005) |
| 01/12/2005 | ❏ <u>49</u> | Courts Notice or Order and BNC Certificate of Mailing (related document(s)<u>46</u> Order on Application to Employ). No. of Notices: 5. Service Date 01/12/2005. (Admin.) (Entered: 01/12/2005) |
| 01/11/2005 | ❏ <u>48</u> | Minutes of Proceeding For the reasons stated on the record in open court, the Court declined to grant, at this time, the Motion to Withdraw with Notice filed November 14, 2004 by Arthur Lindquist-Kleissler, counsel for Debtor (Docket#<u>18</u>). The Court continued this matter to Tuesday, February 1, 2005, at 1:30 p.m. in Courtroom E, United States Bankruptcy Court for the District of Colorado, U.S. Custom House, 721 19th Street, Denver, Colorado 80202-2508. The Court further ordered the debtor, Mr. Barton |

| | | |
|---|---|---|
| | | Shocke Beasley, to appear at the continued hearing on Tuesday, February 1, 2005, at 1:30 p.m. In the event that Mr. Beasley does not attend this Court will consider possible sanctions at that time and such other relief as may be necessary including, but not limited to entry of an Order consistent with Fed.R.Bankr.P.2005. The Court further ordered that Mr. Lindquist-Kleissler shall also attempt to serve Mr. Beasley with a copy of these Minutes and notify him of the continued hearing and appearance requirement. (related document(s)18 Motion to Withdraw as Attorney, ). Hearing to be held on 2/1/2005 at 01:30 PM Courtroom E for 18, (jc) (Entered: 01/11/2005) |
| 01/10/2005 | ❷ 47 | Complaint. Adversary Proceeding Number 05-01015 SBB. Nature of Suit 424 (727 Objection) by Bradley S. Corbin against Barton Schocke Beasley Bradley S. Corbin Adversary Status Deadline 5/10/2005 (lar) (Entered: 01/10/2005) |
| 01/10/2005 | ❷ 46 | Order Approving Application to Employ Connolly, Rosania & Lofstedt, P.C. as Counsel to Trustee Nunc Pro Tunc to January 7, 2005. (related document(s):43 Application to Employ). (jc) (Entered: 01/10/2005) |
| 01/07/2005 | ❷ 45 | 202 Notice Filed by Dennis W. King on behalf of Dennis W. King (related document(s):44 Motion to Extend Time, ). 202 Objections due by 1/31/2005 for 44, (Attachments: # 1 Certificate of Service) (King, Dennis) (Entered: 01/07/2005) |
| 01/07/2005 | ❷ 44 | Motion to Extend Time TRUSTEE?S MOTION TO EXTEND DEADLINE TO FILE A COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR OR TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS Filed by Dennis W. King on behalf of Dennis W. King. (Attachments: # 1 Proposed/Unsigned Order) (King, Dennis) (Entered: 01/07/2005) |
| 01/07/2005 | ❷ 43 | Application to Employ Douglas C. Pearce, II as Attorney Filed by Douglas C. Pearce II on behalf of Dennis W. King. (Attachments: # 1 Affidavit # 2 Proposed/Unsigned Order) (Pearce, Douglas) (Entered: 01/07/2005) |
| 12/30/2004 | ❷ 42 | Complaint. Adversary Proceeding Number 04-2135 SBB. Nature of Suit 454 (Recover Money/Property) by Laurie Lacey against Barton Shocke Beasley Laurie Lacey Adversary Status Deadline 4/29/2005 (mem) (Entered: 12/30/2004) |
| 12/19/2004 | ❷ 41 | Courts Notice or Order and BNC Certificate of Mailing. No. of Notices: 2. Service Date 12/19/2004. (Admin.) (Entered: 12/19/2004) |
| 12/17/2004 | ❷ 40 | Courts Notice or Order and BNC Certificate of Mailing. No. of Notices: 114. Service Date 12/17/2004. (Admin.) (Entered: |

| | | |
|---|---|---|
| | | 12/18/2004) |
| 12/17/2004 | ❻ 39 | Order Partially Approving Trustee's Application for Authority to Auction Property of the Estate. (related document(s):38 Motion to Approve Stipulation and Stipulation, ). (jc) (Entered: 12/17/2004) |
| 12/17/2004 | ❻ 38 | Motion to Approve Stipulation Between Dennis W. King and Santa Fe 250 LLC and Stipulation Filed by Dennis W. King on behalf of Dennis W. King (related document(s)27 Objection,, 21 Application to Employ, Sell & Compensate, ). (Attachments: # 1 Other Stipulation# 2 Certificate of Service # 3 Proposed/Unsigned Order) (King, Dennis) (Entered: 12/17/2004) |
| 12/15/2004 | ❻ 37 | Notice of Sua Sponte Hearing RE: (related document(s)18 Motion to Withdraw as Attorney, ). Hearing to be held on 1/11/2005 at 10:00 AM Courtroom E for 18, (jc) (Entered: 12/15/2004) |
| 12/14/2004 | ❻ 36 | Certificate of Non-Contested Matter Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley (related document(s):18 Motion to Withdraw as Attorney, ). (Attachments: # 1 Proposed/Unsigned Order) (Lindquist-Kleissler, Arthur) (Entered: 12/14/2004) |
| 12/10/2004 | ❻ 35 | Courts Notice or Order and BNC Certificate of Mailing. No. of Notices: 2. Service Date 12/10/2004. (Admin.) (Entered: 12/11/2004) |
| 12/08/2004 | ❻ 34 | Courts Notice or Order and BNC Certificate of Mailing. No. of Notices: 2. Service Date 12/08/2004. (Admin.) (Entered: 12/08/2004) |
| 12/08/2004 | ❻ 33 | Order Granting Motion for Relief from Stay On 4887 National Western Drive, Denver, CO 80216. (related document(s):15 Motion for Relief From Stay and 401 Notice, ). (jc) (Entered: 12/08/2004) |
| 12/06/2004 | ❻ 32 | Order Granting Motion To Compel (related document(s):26 Motion to Compel Barton Shocke Beasley To turnover records and documents Filed by Dennis W. King on behalf). The Documents and records shall be turned over to the Trustee by 12/9/4. (do) (Entered: 12/06/2004) |
| 12/06/2004 | ❻ 31 | Certificate of Non-Contested Matter Filed by David A. Shore on behalf of Le Mouton Noir, LLC (related document(s):15 Motion for Relief From Stay and 401 Notice, ). (Shore, David) (Entered: 12/06/2004) |
| 12/02/2004 | ❻ 30 | Courts Notice or Order and BNC Certificate of Mailing. No. of Notices: 3. Service Date 12/02/2004. (Admin.) (Entered: 12/02/2004) |
| 12/02/2004 | ❻ 29 | Courts Notice or Order and BNC Certificate of Mailing. No. of Notices: 112. Service Date 12/02/2004. (Admin.) (Entered: |

| | | |
|---|---|---|
| | | 12/02/2004) |
| 12/02/2004 | ❍ 28 | Entry of Appearance and Request for Notices Filed by Barton L. Enoch on behalf of Santa Fe 250, LLC . (jc) (Entered: 12/02/2004) |
| 12/02/2004 | ❍ 27 | Objection to Trustee's Application for Authority to Auction Property of the Estate and Request for a Hearing Filed by Barton L. Enoch on behalf of Santa Fe 250, LLC. (related document(s)21 Application to Employ, Sell & Compensate, ). (jc) (Entered: 12/02/2004) |
| 12/02/2004 | ❍ 26 | Motion to Compel Barton Shocke Beasley To turnover records and documents Filed by Dennis W. King on behalf of Dennis W. King. (Attachments: # 1 Proposed/Unsigned Order) (King, Dennis) (Entered: 12/02/2004) |
| 11/29/2004 | ❍ 25 | Order Granting Application to Employ Dickensheet & Associates, Inc. (related document(s):20 Application to Employ). (jc) (Entered: 11/30/2004) |
| 11/29/2004 | ❍ 24 | Order Granting Motion for Relief from Stay On 2568 S. Broadway St., Denver, CO 80210. (related document(s):9 Motion for Relief From Stay and 401 Notice, ). (jc) (Entered: 11/30/2004) |
| 11/26/2004 | ❍ 23 | Entry of Appearance Filed by Leonard Flores Jr. (jc) (Entered: 11/26/2004) |
| 11/23/2004 | ❍ | Trustee statutory fees paid . (cai) (Entered: 11/23/2004) |
| 11/18/2004 | ❍ 22 | 202 Notice Filed by Dennis W. King on behalf of Dennis W. King (related document(s):21 Application to Employ, Sell & Compensate, ). 202 Objections due by 12/13/2004 for 21, (Attachments: # 1 Certificate of Service) (King, Dennis) (Entered: 11/18/2004) |
| 11/18/2004 | ❍ 21 | Application to Employ Dickensheet & Associates, Inc. as Auctioneer To Sell Firearms, fork lift, business inventory, furniture, fixtures, equipment, and machinery For 15 Percent Of Total Sale Filed by Dennis W. King on behalf of Dennis W. King. (Attachments: # 1 Proposed/Unsigned Order) (King, Dennis) (Entered: 11/18/2004) |
| 11/16/2004 | ❍ | Corrected Entry. Trustee's No Asset Report filed 11/16/2004 was entered in error per Trustee's office. Notation to text. Dates terminated. Document terminated. (related document(s): Trustee No Asset Report, , , , ). (psj) (Entered: 11/16/2004) |
| 11/16/2004 | ❍ | **This event docketed in error. Disregard the following transaction.** TRUSTEE'S NO ASSET REPORT. The Trustee having been duly appointed, reports that he/she has neither received any property or money nor paid any money on account of this estate; the Trustee has |

| | | |
|---|---|---|
| | | made diligent inquiry into the whereabouts of property belonging to the estate; and there are no assets in the estate over and above the exemptions claimed by the Debtor for distribution from the estate, and no objection has been filed to those exemptions. The Trustee further states that any nonexempt real or personal property listed by the Debtor under 11 U.S.C. Section 521(1) has not been administered, and it has no realizable value. The Trustee certifies that the meeting of creditors was held and concluded, the above captioned case has been fully administered and he/she is entitled to be discharged. WHEREFORE, the Trustee prays that the Court enter an Order discharging the trustee from office. Objection to Trustee Report due by 12/16/2004. (King, Dennis) **Modified on 11/16/2004 (psj).** (Entered: 11/16/2004) |
| 11/16/2004 | ❷ 20 | Application to Employ Dickensheet and Associates, Incorporated as Auctioneer/Liquidator Filed by Dennis W. King on behalf of Dennis W. King. (Attachments: # 1 Affidavit # 2 Proposed/Unsigned Order) (King, Dennis) (Entered: 11/16/2004) |
| 11/15/2004 | ❷ | Notice of Error, Omission, Defect or Other Deficiency and Need to Correct E-Filed Document: Contacted Dana Of Arthur Lindquist-Kleissler Re: Notice of Request to Withdraw was attached with Motion to Withdraw and needs to be filed as a seperate entry. E-Filer Is To file Notice of Request to Withdraw as a seperate document found under Notice Category /event (Notice of Withdraw of Atty.) (related document(s)18 Motion to Withdraw as Attorney, ). (jc) (Entered: 11/15/2004) |
| 11/15/2004 | ❷ 19 | Notice of Withdrawal of Attorney Arthur Lindquist-Kleissler Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley (related document(s):18 Motion to Withdraw as Attorney, ). (Lindquist-Kleissler, Arthur) (Entered: 11/15/2004) |
| 11/14/2004 | ❷ 18 | Motion to Withdraw as Attorney of Record Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley. (Attachments: # 1 Other Notice of Request to Withdraw# 2 Other Notice of Last Known Address# 3 Proposed/Unsigned Order) (Lindquist-Kleissler, Arthur) (Entered: 11/14/2004) |
| 11/12/2004 | ❷ 17 | Certificate of Non-Contested Matter Filed by Nathan M. Twedt on behalf of The Sherman Agency, Inc. (related document(s):9 Motion for Relief From Stay and 401 Notice, ). (Attachments: # 1 Proposed/Unsigned Order) (dg) (Entered: 11/12/2004) |
| 11/12/2004 | 16 | Receipt of Motion for Relief From Stay and 401 Notice(04-31694-SBB) [motion,mrlfstr] ( 150.00) Filing Fee. Receipt number 2522820. Fee amount 150.00 (U.S. Treasury) (Entered: 11/12/2004) |

| 11/12/2004 | 🔘 15 | Motion for Relief from Stay On 4887 National Western Drive, Denver, CO 80216 and 401 Notice Filed by David A. Shore on behalf of Le Mouton Noir, LLC. Relief From Stay Hearing scheduled for 12/7/2004 at 09:00 AM at Courtroom E. (Attachments: # 1 Exhibit # 2 Certificate of Service # 3 Proposed/Unsigned Order) (Shore, David) (Entered: 11/12/2004) |
| 11/09/2004 | 🔘 | Receipt of Declaration Re: Electronic Filing or Statement of Social Security Numbers Pursuant to GP0 2003-4. (lar) (Entered: 11/09/2004) |
| 11/08/2004 | 🔘 | Corrected Entry. Made corrections to Debtor's aliases. Added additional aliases CashBack International, LLC and DenBe Marketing for Debtor (related document(s)10 Amended Voluntary Petition, ). (llh) (Entered: 11/08/2004) |
| 11/05/2004 | 🔘 13 | Certificate of Service Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley (related document(s):12 Statement of Financial Affairs,, 10 Amended Voluntary Petition,, 11 Amended Schedules-No Fee Required, ). (Lindquist-Kleissler, Arthur) (Entered: 11/05/2004) |
| 11/05/2004 | 🔘 | Amendment to List of Creditors. Total Number of Creditors Added: 2.. Declaration Re: Electronic Filing Due Within Ten Days. Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley (related document(s):3 Voluntary Petition-Chapter 7, 11 Amended Schedules-No Fee Required, ). (Lindquist-Kleissler, Arthur) (Entered: 11/05/2004) |
| 11/05/2004 | 🔘 12 | Amended Statement of Financial Affairs Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley (related document(s):3 Voluntary Petition-Chapter 7, 10 Amended Voluntary Petition,, 11 Amended Schedules-No Fee Required, ). Declaration Re: Electronic Filing due by 11/15/2004. (Lindquist-Kleissler, Arthur) (Entered: 11/05/2004) |
| 11/05/2004 | 🔘 11 | Amended Schedules B,C,F to add property, exemptions, and creditors. Declaration Re: Electronic Filing Due Within Ten Days. Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley (related document(s):3 Voluntary Petition-Chapter 7). (Lindquist-Kleissler, Arthur) (Entered: 11/05/2004) |
| 11/05/2004 | 🔘 10 | Amended Voluntary Petition. Reason Amended: to Add Other Names Used by Debtor, etc.. Declaration Re: Electronic Filing Due Within Ten Days. Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley (related document(s):3 Voluntary Petition-Chapter 7). (Lindquist-Kleissler, Arthur) **Modified on 11/8/2004 (llh).** Made corrections & additions per Amended Petition. (Entered: 11/05/2004) |

| 10/15/2004 | 9 | Motion for Relief from Stay On 2568 S. Broadway St., Denver, CO 80210 and 401 Notice Filed by Nathan M. Twedt on behalf of The Sherman Agency, Inc.. Relief From Stay Hearing scheduled for 11/16/2004 at 09:00 AM at Courtroom E. (Attachments: # 1 Proposed/Unsigned Order) (jc) (Entered: 10/18/2004) |
| 10/15/2004 | 8 | Receipt of Relief from Stay Filing Fee - $150.00 by RP. Receipt Number 00170778. (Entered: 10/15/2004) |
| 10/07/2004 | 7 | Courts Notice and BNC Certificate of Mailing Re: First Meeting of Creditors (related document(s)1 First Meeting-Chapter 7). No. of Notices: 100. Service Date 10/07/2004. (Admin.) (Entered: 10/08/2004) |
| 10/07/2004 | | Receipt of Declaration Re: Electronic Filing or Statement of Social Security Numbers Pursuant to GP0 2003-4 . (mem) (Entered: 10/07/2004) |
| 10/05/2004 | 2 | Receipt of Chapter 7 Filing Fee - $209.00 by RP. Receipt Number 00170128. (Entered: 10/05/2004) |
| 10/05/2004 | 1 | First Meeting of Creditors & Notice of Appointment of Interim Trustee Dennis W. King with 341(a) meeting to be held on 11/15/2004 at 01:00 PM at Room 125 Objections to Discharge due by 01/14/2005. (Entered: 10/05/2004) |
| 10/04/2004 | 5 | Disclosure of Compensation In the Amount of $ 2,500.00 Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley . (mem) (Entered: 10/06/2004) |
| 10/04/2004 | 4 | Statement of Intent. Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley . (mem) (Entered: 10/06/2004) |
| 10/04/2004 | 3 | Chapter 7 Voluntary Petition. Filed by Arthur Lindquist-Kleissler on behalf of Barton Shocke Beasley . (mem) (Entered: 10/06/2004) |
| 10/04/2004 | | New Bankruptcy Case Opened . (rp) (Entered: 10/05/2004) |

8/15/2005 10:35 AM

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| BARTON S. BEASLEY, d/b/a | ) | 04-31694-SBB |
| FUNRAY SPAS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| DENNIS W. KING, Chapter 7 Trustee, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 05-01326-SBB |
| BARTON S. BEASLEY, an individual, | ) | |
| Defendant. | ) | |

**DEFAULT JUDGMENT**

The above-captioned matter comes before the Court on the Trustee's Motion for Entry of Default Judgment against Barton S. Beasley ("Debtor") filed on August 4, 2005 (Docket # 10).

In accordance with the Order issued by this Court concurrently herewith,

IT IS ORDERED AND ADJUDGED that the Trustee's Motion for Entry of Default Judgment against the Debtor is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor is hereby DENIED A DISCHARGE IN THIS Chapter 7 case pursuant to Bankruptcy Code §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(D), 727(a)(5), 727(a)(6)(A) and 727(a)(6)(C).

Dated this 15th day of August, 2005.

FOR THE COURT:

Bradford L. Bolton, Clerk

By: _____
                    Deputy

APPROVED AND ACCEPTED:

By: _____
    Sidney B. Brooks
    U.S. Bankruptcy Judge

Ex. C

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| BARTON S. BEASLEY, dba FUNRAY SPAS | ) | CHAPTER 7 |
| SSN:  XXX-XX-5796, | ) | CASE NO. 04-31694 SBB |
| | ) | |
| _Debtor._ | ) | |
| DENNIS W. KING, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 05-1326 SBB |
| vs. | ) | |
| | ) | |
| BARTON S. BEASLEY, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ENTERING DEFAULT JUDGMENT IN FAVOR OF TRUSTEE AND AGAINST DEFENDANT BARTON S. BEASLEY

THIS COURT, having reviewed Trustee's Motion for Entry of Default Judgment Against Debtor (the "Motion") filed by Dennis W. King, Chapter 7 trustee ("Trustee") of the bankruptcy estate of Barton S. Beasley ("Debtor"), good cause having been shown, and being advised of the premises, hereby:

FINDS:

1.    This Court has original jurisdiction over these matters pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), General Procedure Order No. 1984-3 and 28 U.S.C. § 157(b)(1) in that they arise under Title 11 of the United States Code.

2.    Trustee's claim objecting to discharge is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4.    Pursuant to Fed.R.Bankr.P. 7004(f), this Court has personal jurisdiction



over Barton S. Beasley, the named defendant herein ("Debtor"), because Debtor was properly served a copy of the Summons and Complaint in this adversary proceeding pursuant to Fed.R.Bankr.P. 7004(b)(1).

5.   Debtor has failed to plead or otherwise defend within the time allowed by the Federal Rules of Bankruptcy Procedure, within the time stated in the Summons and within the time extended by this Court pursuant to Debtor's request. Debtor is in default.

6.   Debtor is not an infant or incompetent person and is not currently in the military service of the United States or in the military service of any nation with which the United States may be allied in the prosecution of a war or has been ordered to report for such military service or for induction into such military service and Debtor is not entitled to relief under the Servicemembers Civil Relief Act of 2003, 50 U.S.C. App. §§ 501 *et seq.*

7.   The financial books and records of FunRay Spas were kept on a computer (the "Computer").

8.   Debtor has custody and control of the Computer.

9.   On December 2, 2004, Trustee filed his Motion to Compel Barton Shocke Beasley to Turnover Records and Documents.

10.   On December 6, 2004, this Court entered its order granting the Motion to Compel directing Debtor to turnover various documents requested by Trustee at the continued § 341 meeting on December 9, 2004, including all Debtor's computerized accounting records.

11.   Debtor did not appear at the continued § 341 meeting on December 9, 2004, and has provided no documentation to Trustee as ordered by the Court or otherwise

taken any action in response to the Court's order directing turnover and has not turned over the Computer..

12.     On January 11, 2005, this Court ordered Debtor to appear before the Court on February 1, 2005.

13.     Debtor did not appear before the Court on February 1, 2005.

14.     On February 11, 2005, this Court entered its Order to Show Cause Why Debtor Should not be Held in Contempt and ordered Debtor to appear before the Court on March 3, 2005.

15.     Debtor did appear before the Court on March 3, 2005, pursuant to the Order to Show Cause, and was sworn in before the Court to provide testimony. However, Debtor asserted his Fifth Amendment right against self-incrimination and refused to provide testimony regarding the acts, conduct, or property or the liabilities and financial condition of Debtor, or any other matter that might affect the administration of Debtor's estate or Debtor's right to a discharge, or satisfactorily explain his failure to comply with the Court's previous orders.

16.     On April 14, 2005, Trustee timely filed this action to deny Debtor's discharge. Debtor has not received his discharge.

17.     By taking custody and control of the Computer holding the business records and refusing to turn over the Computer to Trustee, the Debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11 of the United States Code, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Debtor within one year before the date of filing

of Debtor's bankruptcy petition, or in the alternative, property of the estate after the date of Debtor's bankruptcy filing. Therefore, Debtor's discharge must be denied pursuant to Bankruptcy Code § 727(a)(2)(A), or in the alternative § 727(a)(2)(B), as requested by the First Claim for Relief set forth in the Complaint.

18.     By refusing to turnover documentation and the Computer, Debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information including books, documents, records and papers, from which Debtor's financial condition or business transactions might be ascertained and Debtor's actions are not justified under the facts of this case. Therefore, Debtor's discharge must be denied pursuant to Bankruptcy Code § 727(a)(3) as requested by the Second Claim for Relief set forth in the Complaint.

19.     By failing to turnover the Computer or otherwise turnover any documentation relating to Debtor's financial condition or business transactions, despite this Court's order directing such turnover, Debtor has knowingly and fraudulently, in or in connection with this case, withheld from an officer of the estate entitled to possession under Title 11 of the United States Code, recorded information relating to the Debtor's property or financial affairs. Therefore, Debtor's discharge must be denied pursuant to Bankruptcy Code § 727(a)(4)(D) as requested by the Third Claim for Relief set forth in the Complaint.

20.     Debtor has refused to provide testimony regarding any issues concerning the administration of his bankruptcy estate, including matters regarding any loss of assets or deficiency of assets to meet Debtor's liabilities and therefore Debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or

deficiency of assets to meet Debtor's liabilities. Therefore, Debtor's discharge must be denied pursuant to Bankruptcy Code § 727(a)(5) as requested by the Fourth Claim for Relief set forth in the Complaint.

21.     Debtor has refused to obey two lawful orders of this Court, including Debtor's failure to comply with the terms of the December 6, 2004, order and failing to appear before the Court on February 1, 2005, as ordered by the Court on January 11, 2005. Debtor has failed to provide any justification whatsoever for his failure to comply with these Orders. Therefore, Debtor's discharge must be denied pursuant to Bankruptcy Code § 727(a)(6)(A) as requested by the Fifth Claim for Relief set forth in the Complaint.

22.     Debtor has refused, in his bankruptcy case, to respond to a material question approved by the Court or to testify and has not shown that his privilege against self-incrimination was properly invoked with regard to such questioning. Therefore, Debtor's discharge must be denied pursuant to Bankruptcy Code § 727(a)(6)(C) as requested by the Sixth Claim for Relief set forth in the Complaint.

IT IS THEREFORE ORDERED that Trustee's Motion is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor is hereby DENIED a discharge in this Chapter 7 case pursuant to Bankruptcy Code §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(D), 727(a)(5), 727(a)(6)(A) and 727(a)(6)(C).

Dated: _August 15, 2005_

BY THE COURT:

Sidney B. Brooks,
United States Bankruptcy Judge